UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PRAXAIR, INC.

|                          |                                    |
|--------------------------|------------------------------------|
|                          | **DECISION**                       |
| Plaintiff,               | **and**                            |
| v.                       | **ORDER**                          |
|                          |                                    |
| GENERAL INSULATION COMPANY, | **07-CV-0670A(F)**              |

GENERAL INSULATION COMPANY,
D&N INSULATION COMPANY, a division
 of Petco Insulation Co., Inc., and
SPECIALTY CONSTRUCTION BRANDS INC.,

                         Defendants.

_____

APPEARANCES:             SCHRÖDER, JOSEPH & ASSOCIATES, LLP
                         Attorneys for Plaintiff
                         LINDA H. JOSEPH, of Counsel
                         766 Ellicott Street
                         Buffalo, New York  14203

                         LAW OFFICES OF LAURIE G. OGDEN, ESQ.
                         Attorneys for Defendant General Insulation Co.
                         DANIEL JOHN CAFFREY, and
                         RALPH CESSARIO, of Counsel
                         60 Lakefront Boulevard
                         Buffalo, New York  14202

                         RUPP, BAASE, PFALZGRAF,
                          CUNNINGHAM & COPPOLA LLC
                         Attorneys for Defendant D&N Insulation Co.,
                         LISA A. COPPOLA, of Counsel
                         1600 Liberty Building
                         Buffalo, New York  14202

                         BOWMAN & BROOKE LLP
                         Attorneys for Defendant Specialty Construction Brands, Inc.
                         RICHARD G. MORGAN, and
                         RYAN L. NILSEN, of Counsel
                         150 South Fifth Street
                         Suite 3000
                         Minneapolis, Minnesota 55402

PARRINO, COOPER & DOBSON
Attorneys for Defendant Specialty Construction Brands, Inc.
ROBERT W. MICHALAK, of Counsel
6225 Sheridan Drive, Suite 100
Williamsville, New York 14221


## JURISDICTION

This action was referred to the undersigned on November 8, 2007, by Honorable

Richard J. Arcara.  The matter is presently before the court on Plaintiff's motion to

amend the complaint (Doc. No. 23), filed December 19, 2007, and Defendant D&N

Insulation Company's motion to file an amended answer (Doc. No. 24), filed December

28, 2007.


## BACKGROUND and FACTS[1]

Plaintiff Praxair, Inc. ("Plaintiff" or "Praxair"), commenced this products liability

action on October 9, 2007, alleging defective design and manufacture of Childers CP-35

mastic ("Childers CP-35"), an insulation coating product that Praxair used as a joint

sealant in the insulation of the aluminum piping and vessels at Praxair's Cryogenic

Testing Facility located in Building 105 in Tonawanda, New York.  Complaint ¶ 1.

According to Plaintiff, because Childers CP-35 contains chlorides, a fact of which

Praxair was not initially aware, it is not suitable or safe for its intended purpose as a

sealant for insulating piping and vessels, and it was foreseeable to Defendants that

such use would result in damage to aluminum piping and vessels.  *Id*.

Originally sued as Defendants were H.B.Fuller Company ("H.B. Fuller"), and

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

General Insulation Company ("General Insulation") for negligent design and marketing of Childers CP-35, and D&N Insulation Company ("D&N"), for negligence and breach of contract based on D&N's specification of Childers CP-35 as a sealant for use on aluminum piping and vessels.  Praxair also sought treble damages against H.B. Fuller for violation of § 1117 the Lanham Act, 15 U.S.C. § 1125(a), for false and misleading advertisements regarding Childers CP-35.

On November 5, 2007, H.B. Fuller moved (Doc. No. 9) ("H.B. Fuller's motion to dismiss"), to dismiss the Complaint on the basis that Praxair, as a consumer of Childers CP-35, rather than H.B. Fuller's competitor, lacked standing to sue H.B. Fuller under the Lanham Act, that Praxair's Lanham Act claim is the sole basis for federal jurisdiction in this case such that the dismissal of the Lanham Act claim would divest this court of subject matter jurisdiction under 28 U.S.C. § 1331, and that New York's economic loss doctrine bars Praxair's strict products liability and negligence claims.  Attached to the motion is a Memorandum of Law Supporting H.B. Fuller Company's Motion to Dismiss Plaintiff's Complaint (Doc. No. 9-2) ("H.B. Fuller Memorandum").

On November 7, 2007, D&N filed an answer (Doc. No. 10), asserting a cross-claim for contribution and indemnification against H.B. Fuller and General Insulation. On November 27, 2007, H.B. Fuller moved to dismiss D&N's cross-claim (Doc. No. 16), for failure to state a claim, arguing that H.B. Fuller owed no duty to either Praxair or D&N.  On December 18, 2007, General Insulation filed an answer (Doc. No. 20), asserting a cross-claim for contribution and indemnification against H.B. Fuller and D&N.

On December 23, 2007, Praxair filed the instant motion (Doc. No. 23) ("Plaintiff's

motion"), seeking to dismiss H.B. Fuller's motion to dismiss, and to amend the

Complaint.  In particular, Praxair seeks to clarify allegations in the Complaint to

establish standing under the Lanham Act and to demonstrate a tort duty existed on the

part of H.B. Fuller to Plaintiff.  Praxair also seeks to add as a Defendant H.B. Fuller's

wholly-owned subsidiary Specialty Construction Brands, Inc. ("SCB").  Alternatively,

should the court determine Praxair is without standing to assert a Lanham Act claim,

Praxair seeks to discontinue the action against D&N, the non-diverse Defendant,

without prejudice to refiling in New York State Supreme Court, so as to pursue the New

York claims in this court against H.B. Fuller and General Insulation, as well as newly

added SCB, based on diversity jurisdiction.  Plaintiff's motion is supported by the

attached Attorney Affirmation of Linda H. Joseph, Esq. (Doc. No. 23 - Attachment 1)

("Joseph Affirmation"), a Memorandum of Law (Doc. No. 23 - Attachment 2) ("Plaintiff's

Memorandum"), the Proposed Amended Complaint (Joseph Affirmation Exh. A), the

Alternative Proposed Amended Complaint (Joseph Affirmation Exh. B), and copies of

the original Complaint (Joseph Affirmation Exh. C), and the Answers filed by D&N and

General Insulation (Joseph Affirmation Exh. D).

On December 28, 2007, D&N moved (Doc. No. 24), to amend its answer to

assert a cross-claim for breach of warranty against H.B. Fuller and General Insulation,

and to clarify its factual allegations in support of D&N's existing cross-claim for

contribution and indemnity against H.B. Fuller and General Insulation ("D&N's motion").

On December 28, 2007, D&N also filed an answer (Doc. No. 30) to General Insulation's

cross-claim.

On January 4, 2008, H.B. Fuller filed a Reply Brief Supporting H.B. Fuller

4

Company's Motion to Dismiss Plantiff's Complaint (Doc. No. 32) ("H.B. Fuller Reply").
On January 7, 2008, H.B. Fuller filed a motion (Doc. No. 33) to dismiss General
Insulation's cross-claim.

On January 8, 2008, General Insulation filed the Affirmation of Ralph Cessario,
Esq. in Opposition to Praxair's Cross Motion to Amend the Complaint and for Other
Relief (Doc. No. 35) ("Cessario Affirmation"), and an answer (Doc. No. 37), to D&N's
cross-claim.

On January 18, 2008, H.B. Fuller filed a Response in Opposition to Praxair Inc.'s
Motion to Amend Its Complaint (Doc. No. 42) ("H.B. Fuller Response").  On January 25,
2008, Praxair filed Plaintiff's Reply Memorandum (Doc. No. 48) ("Plaintiff's Reply") in
further support of Plaintiff's motion.

On February 5, 2008, Praxair and H.B. Fuller filed a joint motion (Doc. No. 51) to
add H.B. Fuller's wholly-owned subsidiary SCB as a Defendant on the basis that SCB,
rather than H.B. Fuller, manufactures and sells Childers CP-35.  By Stipulation and Text
Order filed April 24, 2008 (respectively, Doc. Nos. 53 and 54), all claims and causes of
action asserted by Praxair, and Defendants General Insulation and D&N were
dismissed, with prejudice, as against Defendant H.B. Fuller, which was then terminated
as a Defendant.  H.B. Fuller's wholly owned subsidiary, SCB, the admitted manufacturer
and seller of Childers CP-35, was then substituted in H.B. Fuller's place as a party
Defendant.   Accordingly, on May 6, 2008, Praxair filed the Amended Complaint (Doc.
No. 56) ("Amended Complaint"), that is essentially identical to the original Complaint,
substituting SCB as a Defendant in place of H.B. Fuller.

Specifically, the Amended Complaint contains the same eight claims for relief

asserted in the original Complaint, including (1) strict products liability based on defective design asserted against SCB, General Insulation, and D&N (together, "Defendants") ("First Claim for Relief"); (2) strict products liability based on failure to warn asserted against all Defendants ("Second Claim for Relief"); (3) strict products liability based on manufacturing defect asserted against all Defendants ("Third Claim for Relief"); (4) negligent misrepresentation asserted against D&N ("Fourth Claim for Relief"); (5) breach of contract asserted against D&N ("Fifth Claim for Relief"); (6) a Lanham Act violation asserted against SCB ("Sixth Claim for Relief"); (7) negligent design and manufacture asserted against SCB ("Seventh Claim for Relief"); and (8) negligent distribution of Childers CP-35 asserted against General Insulation ("Eighth Claim for Relief").  The Amended Complaint, however, does not contain the additional allegations regarding standing or alternative grounds for jurisdiction that Praxair, by its pending motion to file an amended complaint, seeks to assert by the instant motion.

On May 22, 2008, D&N filed an answer (Doc. No. 57), to the Amended Complaint, asserting the same cross-claims against SCB and General Insulation for which D&N sought permission to assert against H.B. Fuller and General Insulation in an amended answer to the original Complaint.  As such, D&N's motion to file an amended answer (Doc. No. 24) is now moot.  Further, because H.B. Fuller is no longer a party to this action, on May 22, 2008, certain pending motions to dismiss filed by H.B. Fuller including motions to dismiss the Complaint (Doc. No. 9), D&N's cross-claims (Doc. No. 16), and General Insurance's cross-claims (Doc. No. 33), were terminated.

On June 2, 2008, General Insulation filed an Answer (Doc. No. 62) to the Amended Complaint, asserting cross-claims for contribution and indemnification against

6

SCB and D&N.  On June 17, 2008, D&N filed an Answer (Doc. No. 66) to General

Insulation's cross-claim.  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to file an amended complaint is

GRANTED in part, and DISMISSED as moot in part; Defendant D&N's motion to file an

amended answer is DISMISSED as moot.


## DISCUSSION

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted

when justice so requires."  An amended complaint may be filed pursuant to

Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are

not the result of undue delay or bad faith, and are not futile.  *Foman v. Davis*, 371 U.S.

178, 181 (1962).  Absent a showing that significant additional discovery burdens will be

incurred or that the trial of the matter will be significantly delayed, amendment should be

permitted.  *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993).  In the

instant case, Praxair seeks leave to amend the Amended Complaint to add additional

factual allegations regarding the claimed Lanham Act violation, thereby further

establishing grounds for federal question jurisdiction against all Defendants in this court,

and to clarify factual allegations as to the strict products liability and negligence claims.

A thorough review of the docket establishes that no copy of the proposed Second

Amended Complaint has been filed by Praxair, although none is required.  Rather, by

letter to opposing counsel, with copy to the undersigned, dated May 6, 2008 and filed

June 25, 2008 (Doc. No. 70), Praxair relies on the submissions made in Plaintiff's

motion (Doc. No. 23), and the attached Proposed Amended Complaint (Joseph

Affirmation Exh. A) ("Proposed Amended Complaint") and Alternative Proposed Amended Complaint (Joseph Affirmation Exh. B) ("Alternative Proposed Amended Complaint"), to set forth the proposed changes to be included in a Second Amended Complaint. Because such papers were submitted prior to H.B. Fuller's dismissal as a party to this action, however, the Propose Amended Complaint includes claims against H.B Fuller as a Defendant.

As stated, Praxair's motion was precipitated by former Defendant H.B Fuller's motion to dismiss the original Complaint for failure to state a false advertising claim under the Lanham Act and because New York's economic loss doctrine bars the New York strict product liability and negligence claims against H.B. Fuller. On April 24, 2008, however, H.B. Fuller was terminated as a Defendant in this action, and on May 22, 2008, H.B. Fuller's motion to dismiss the Complaint (Doc. No. 9), along with other motions filed by H.B. Fuller, were also terminated. As such, at this point, Plaintiff's motion is moot insofar as it seeks to amend the Complaint to avoid dismissal for failure to state a claim against H.B. Fuller. Nevertheless, because SCB was substituted as a Defendant for H.B. Fuller, the court considers Praxair's motion as filed only with regard to SCB, General Insulation and D&N Insulation.

Because H.B. Fuller was the only Defendant to file a response in opposition to Praxair's motion (Doc. No. 42) ("H.B. Fuller Response"), the dismissal of H.B. Fuller from the action technically renders Praxair's motion unopposed.[2] Given that SCB, H.B.

---

[2] Although General Insulation filed the Cessario Affirmation in opposition to Praxair's motion (Doc. No. 35), the affirmation assumes that the court will dismiss the Lanham Act claim and addresses only Praxair's arguments submitted in support of the Alternative Proposed Amended Complaint. As such, the Cessario Affirmation provides no response to Praxair's initial request for permission to allege additional facts to establish standing under the Lanham Act.

Fuller's wholly-owned subsidiary was substituted as a Defendant for, and is represented

by the same legal counsel as H.B. Fuller, the court construes the H.B. Fuller Response

as if filed by SCB in opposition to the motion.  Further, in opposition to Praxair's motion

to dismiss, H.B Fuller refers to its arguments submitted in support of its now terminated

motion to dismiss (Doc. No. 9), including the H.B. Fuller Memorandum (Doc. No. 9-2),

and the H.B. Fuller Reply (Doc. No. 32).  In particular, H.B. Fuller argued in opposition

to Plaintiff's motion that the proposed allegations were futile because Plaintiff lacks

standing to pursue a Lanham Act violation against H.B. Fuller, and Praxair's strict

products liability and negligence claims are barred by New York's economic loss

doctrine.

        Where a requested pleading amendment is futile, "it is not an abuse of discretion

to deny leave to amend" to the moving party.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir.1993).  A determination that a proposed claim is futile is made under

the same standards that govern a motion to dismiss under Rule 12(b)(6).  *A.V. By*

*Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y.2001).  An

amendment is futile "if the proposed amended complaint would be subject to 'immediate

dismissal' for failure to state a claim or on some other ground."  *Jones v. New York Div.*

*of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999).

         As stated, Praxair's motion was precipitated by H.B. Fuller's motion to dismiss

the Complaint on the basis that the strict products liability and negligence claims

asserted against H.B Fuller were, as a matter of law, barred by New York's economic

loss doctrine forbidding recovery for purely economic loss in tort, and that Praxair, as a

consumer of the Childers CP-35, rather than a competitor of H.B. Fuller, was without

standing to assert a Lanham Act violation.  Praxair, however, does not seek by the instant motion to assert any new claim for relief not previously found in either the original Complaint or the Amended Complaint.  Rather, Praxair seeks only to allege additional facts concerning the existing claims for relief, in particular, the Lanham Act violation alleged in the Sixth Claim for Relief, and the strict products liability and negligence claims alleged in the First, Second, Third and Seventh Claims for Relief. Permitting Praxair to file the Proposed Amended Complaint will not result in the addition of any new claims, futile or not.  Nor has any party opposed the motion as unduly prejudicial, or the result of undue delay or bad faith.  *Foman*, 371 U.S. at 181.  Rather, the newly proposed allegations could assist the court in ruling on a future motion to dismiss on similar grounds, should one be filed.  Moreover, the arguments set forth in the H.B. Fuller Memorandum (Doc. No. 9-2), and the H.B. Fuller Reply (Doc. No. 32), in support of former Defendant H.B. Fuller's motion to dismiss, as reiterated in the H.B. Fuller Response in opposition to Praxair's motion to amend, are not properly before the court given H.B. Fuller's termination as a party to this action, along with the termination of H.B. Fuller's motions, including the motion to dismiss.

As such, Praxair's motion to file the Proposed Amended Complaint is GRANTED. Permitting Praxair to file the Proposed Amended Complaint renders moot Plaintiff's alternative request to filed the Alternative Proposed Amended Complaint. Nevertheless, because the only copy of the Proposed Amended Complaint names H.B Fuller as a Defendant, Praxair is ORDERED to clarify the names of the Defendants in both the caption and body of the Proposed Amended Complaint prior to filing, which shall then be considered the "Second Amended Complaint."  Furthermore, D&N's filing

of the answer to the Amended Complaint on May 22, 2008 (Doc. No. 57), asserting the same cross-claims against SCB and General Insulation renders D&N's motion to file an amended answer (Doc. No. 24) moot.[3]

Should any Defendant desire to move to dismiss the Second Amended Complaint on any ground, such motion may be made in accordance with the applicable Federal Rules of Civil Procedure after the Second Amended Complaint is filed.

## CONCLUSION

Based on the following, Plaintiff's motion to file an amended complaint (Doc. No. 23) is GRANTED in part, and DISMISSED as moot in part; Defendant D&N's motion to file an amended answer (Doc. No. 24) is DISMISSED as moot.  Plaintiff shall file the Proposed Amended Complaint within 10 days of receipt of this Decision and Order. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    July 7, 2008
          Buffalo, New York

---

[3] The court notes that D&N will have a further opportunity to file an amended answer after Praxair files its Second Amended Complaint.